## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PETRUCELLI, | : | CIVIL NO: 4:14-CV-01214 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| KRISTIN RUSIN, | : | |
| | : | |
| | : | (Magistrate Judge Schwab) |
| Defendant | : | |
| | : | |

## REPORT AND RECOMMENDATION

## I.     Introduction.

On June 24, 2014, pro se plaintiff John Petrucelli ("Petrucelli"), a federal

prisoner currently serving a life sentence of imprisonment at FCI-Allenwood,

initiated this *Bivens*[1] action by filing a complaint (*Doc. 1*) against Kristin Rusin

("Rusin"), a former court reporter with the United States District Court for the

Southern District of New York.  Petrucelli alleges violations of his rights under the

---

[1]     *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,*
403 U.S. 388 (1971).  In *Bivens*, the Supreme Court recognized a private cause of
action to recover damages against a federal agent for violations of constitutional
rights.  "A *Bivens* action, which is the federal equivalent of the [42 U.S.C.] § 1983
cause of action against state actors, will lie where the defendant has violated the
plaintiff's rights under color of federal law." *Brown v. Philip Morris Inc.,* 250 F.3d
789, 800 (3d Cir. 2001).

First and Fifth Amendments to the United States Constitution.  On March 17, 2015, Rusin filed a motion to dismiss Petrucelli's complaint for failure to state a claim and for lack of personal jurisdiction *(Doc. 21)*.  Rusin's motion is ripe for disposition.

## II.     <u>Background and Procedural History</u>.

The relevant facts alleged in Petrucelli's complaint are as follows.   In 2002, Petrucelli's was sentenced to life imprisonment without parole.  *Doc. 1* at 4.  Rusin was the court reporter at the specific criminal hearings referenced in Petrucelli's complaint.  *Id.* at 1.

According to Petrucelli, around May or June 2014, he hired Neal Gossett, a private investigator, to go to the court reporter's office (presumably that of the United States District Court for the Southern District of New York) and obtain the recordings of three criminal hearings that occurred on February 1, May 21, and October 2, 2002, respectively.  *Doc. 1* at 4.  According to Petrucelli's account, some dialogue exists in the audio recordings of these hearings that is not contained within the transcripts of the same hearings.  *Id*.

Petrucelli alleges that Rusin's alteration or incomplete transcribing of the aforementioned hearings directly led to his inability to effectively raise certain

issues on appeal and, therefore, the affirmance of the life sentence he is currently

serving.  *Doc. 1* at 5.  Petrucelli contends that these deficiencies amounted to

violations of the First Amendment to the United States Constitution and the Fifth

Amendment, specifically the Due Process Clause, and he seeks $3 million in

damages for the "irreparable" harm he has allegedly suffered.  *Id.* at 1, 3.

Rusin, who currently resides in Nevada, filed a motion to dismiss

Petrucelli's complaint, alleging that this Court lacks personal jurisdiction over her,

that Petrucelli fails to state a claim upon which relief may be granted, and that

Petrucelli's claim is time barred.  Because we conclude that this Court does not

have personal jurisdiction over Rusin, we will not address Rusin's assertions that

Petrucelli's complaint fails to state a claim and is untimely.

### III.    <u>Rule 12(b)(2) and Personal Jurisdiction Standards</u>.

A defendant may raise the defense of lack of personal jurisdiction in a

motion to dismiss in accordance with Fed.R.Civ.P. 12(b)(2).  "Once a defendant

challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the

burden of establishing personal jurisdiction."  *D'Jamoos ex rel. Estate of*

*Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009).  Unless the

court holds an evidentiary hearing, at the motion-to-dismiss stage the plaintiff need

only establish a prima facie case of personal jurisdiction.  *Miller Yacht Sales, Inc.*

*v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).  Under a prima facie standard, "the plaintiff's allegations are presumed true and all factual disputes are resolved in the plaintiff's favor," but "the ultimate burden remains on the plaintiff to demonstrate the existence of jurisdiction by a preponderance of the evidence." *LaSala v. Marfin Popular Bank Pub. Co., Ltd.*, 410 F. App'x 474, 476 (3d Cir. 2011).  The plaintiff establishes a prima facie case "by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n.,* 819 F.2d 434 (3d Cir.1987)).

Federal Rule of Civil Procedure 4 authorizes a federal court to assert personal jurisdiction over a nonresident defendant to the extent permissible under the law of the state where the district court sits. *Id.* at 1221.  The forum state in this case is Pennsylvania, and Pennsylvania law permits courts within Pennsylvania to exercise jurisdiction "to the fullest extent allowed under the Constitution of the United States" and provides that jurisdiction "may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b).  Thus, this court may properly exercise jurisdiction over a defendant as long as the exercise of that jurisdiction does not violate the due process rights of the defendant. *Mellon,* 960 F.2d at 1221.

4

Proceeding to the constitutional inquiry, the "Due Process Clause of the Fourteenth Amendment requires that nonresident defendants have 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Kehm Oil Co. v. Texaco, Inc.,* 537 F.3d 290, 299-300 (3d Cir. 2008)(quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). "Having minimum contacts with another state provides 'fair warning' to a defendant that he or she may be subject to suit in that state." *Id.* at 300 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

There are two types or personal jurisdiction—general jurisdiction and specific jurisdiction. *Marten v. Godwin,* 499 F.3d 290, 296 (3d Cir. 2007). "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." *Id.* On the other hand, even in the absence of such systematic and continuous contacts with the forum state, "[s]pecific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Id.* "The central concern of [the] jurisdictional inquiry is the relationship among the defendant, the forum, and the litigation." *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 293 (3d Cir. 1985). The court conducts a three-part inquiry to determine whether it has specific jurisdiction over the defendant. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d

5

312, 317 (3d Cir. 2007).  "First, the defendant must have 'purposefully directed

[its] activities' at the forum." *Id.* (quoting *Burger King,* 471 U.S. at 472).  "Second,

the litigation must 'arise out of or relate to' at least one of those activities." *Id.*

(quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414

(1984)).  Third, if the court finds that the prior requirements are met, it may

consider additional factors to ensure that exercising jurisdiction would be

consistent with "'fair play and substantial justice.'" *Id.* (quoting *Burger King,* 471

U.S. at 476 (quoting *Int'l Shoe,* 326 U.S. at 320)).


## IV.    <u>Discussion.</u>

Rusin asserts that this Court lacks personal jurisdiction over her because she

is a resident of Nevada, has no contacts with the Middle District of Pennsylvania,

and has engaged in no activity in the Middle District of Pennsylvania.  We agree

and conclude that this Court has neither general jurisdiction nor specific

jurisdiction over Rusin.

With respect to general jurisdiction, there are absolutely no facts to suggest

that Rusin has had *any* contact with the state of Pennsylvania, yet alone continuous

and systematic contact.  In 2002, at the time of Petrucelli's criminal proceedings,

Rusin was a court reporter for the United States District Court for the Southern

District of New York and resided in the state of New York.  Since then, Rusin has

6

moved to Reno, Nevada.  The facts plead, therefore, suggest only that Rusin has had continuous and systematic contact with the states of New York and Nevada since 2002.  This Court, therefore, lacks general jurisdiction over Rusin.

Additionally, this court lacks specific jurisdiction over Rusin because Petrucelli's claims do not arise from conduct directed towards the state of Pennsylvania.  The conduct of which Petrucelli complains is that of Rusin's court reporting in the Southern District of New York.  Thus, clearly the conduct was not directed at the state of Pennsylvania, but rather at the state of New York. Additionally, Petrucelli's criminal proceedings all took place in the Southern District of New York.  The only connection Petrucelli's criminal proceeding has with the Middle District of Pennsylvania is that he is now, thirteen years after his conviction, serving a portion of his life sentence at FCI-Allenwood.  Thus, we find that this Court does not have specific jurisdiction over Rusin.

In Petrucelli's brief in opposition to the motion to dismiss, he argues that this Court is the most appropriate setting for his action because it is the most conveniently located courthouse to FCI-Allenwood, his current place of incarceration.  He alleges in general that bringing the lawsuit in New York or Nevada would be impracticable due to travel burdens that he would incur, and, therefore, in the interest of "justice and economy," the action would most appropriately be brought in this court.  Petrucelli's arguments pertaining to

7

convenience, however, pertain to *venue* rather than personal jurisdiction, which is at issue in the current case.  While personal jurisdiction and venue are "closely related concepts," it must be noted that "important distinctions exist" between the two, and "the exercise of personal jurisdiction implicates constitutional, not merely statutory, concerns."  *Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005). Here, our conclusion that asserting personal jurisdiction over Rusin would be unconstitutional trumps Petrucelli's convenience interest in pursuing his action in this Court.

Given the facts above, we conclude that Petrucelli has not established that Rusin had the requisite minimal contact with the state of Pennsylvania, and, therefore, it has not been established that she has been provided with a fair warning that she may be subject to suit in this Court.   As a result, asserting personal jurisdiction over Rusin would violate traditional notions of fair play and substantial justice, and we must refrain from so doing.

## V.    **Recommendations.**

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Rusin's motion (*Doc. 21*) to dismiss for lack of personal jurisdiction be granted and that Petrucelli's complaint be **DISMISSED** without prejudice.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive

further evidence, recall witnesses or recommit the matter to the
magistrate judge with instructions.


Submitted this **19th** day of **October 2015**.

                                        ***S/Susan E. Schwab***
                                        Susan E. Schwab
                                        United States Magistrate Judge