IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PETRUCELLI, | : | Case No. 14-CV-1214 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| KRISTIN RUSIN, | : | |
| | : | |
| Defendant. | : | |

## ORDER

November 19, 2015

Magistrate Judge Susan E. Schwab entered a Report and Recommendation[1] on October 19, 2015 regarding Defendant Rusin's motion to dismiss.[2] In her Report and Recommendation, Magistrate Judge Schwab recommended granting Rusin's motion to dismiss for lack of personal jurisdiction and dismissing Plaintiff Petrucelli's complaint without prejudice.[3]  In response, Petrucelli raised four objections to Magistrate Schwab's Report and Recommendation.[4]

First, Petrucelli alleges that Magistrate Judge Schwab incorrectly

---

[1] ECF No. 30.

[2] ECF No. 21.

[3] ECF No. 30.

[4] ECF No. 31.

characterized Petrucelli's factual claims in his complaint.[5] Second, Petrucelli argues that under *Heft v. AAI Corporation*,[6] this Court has personal jurisdiction over Rusin because the "forum" which Rusin would have to have "minimum contacts" with is the territory of the overreaching sovereign government, namely, the United States. Petrucelli's third objection is that Magistrate Judge Schwab erred in considering his discussion on forum convenience as a discussion on proper venue instead of a discussion on the third prong of the *O'Connor v. Sandy Land Hotel Co., LTD.*[7] test. Fourth, Petrucelli argues that the case should not have been dismissed but instead transferred to the Southern District of New York.

Rule 4(k) of the Federal Rules of Civil Procedure states that serving a summons establishes personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located" or "when authorized by a federal statute."[8] Therefore, when not authorized by statute, the United States District Court "would typically exercis[e] personal jurisdiction according to the law of the state where it sits."[9]

---

[5]This Court will not address Petrucelli's first objection as it has no bearing on the outcome of this case at this juncture.

[6]355 F. Supp. 2d 757 (M.D. Pa. 2005).

[7]496 F.3d 312 (3d Cir. 2007).

[8]Fed. R. Civ. P. 4(k)((1)(A), (C).

[9]*O'Connor*, 496 F.3d at 316.

As thoroughly discussed in Magistrate Judge Schwab's Report and Recommendation, there are two types of personal jurisdiction, namely, general jurisdiction and specific jurisdiction.[10] General jurisdiction exists when a defendant has continuous contacts with the forum state.[11] Specific jurisdiction exists when, in the absence of general jurisdiction, the claim arises from conduct related to the forum state.[12]

The United States Court of Appeals for the Third Circuit has adopted a three-part inquiry to determine whether a court has specific jurisdiction over a defendant.[13] First, "the defendant must have 'purposefully directed [its] activities' at the forum."[14] Next, the "litigation must 'arise out of or relate to at least one of those activities.'"[15] Lastly, "if the court finds that the prior requirements are met, it may consider additional factors to ensure that exercising jurisdiction would be consistent with "'fair play and substantial justice.'"[16]

---

[10] *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

[11] *Id.*

[12] *Id.*

[13] *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

[14] *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

[15] *Id.* (quoting *Helecopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

[16] *Id.* (quoting *Burger King*, 471 U.S. at 471 (internal quotes omitted).

Petrucelli alleges that Magistrate Judge Schwab erred in finding that the Court lacked personal jurisdiction over Rusin after applying the *O'Connor* three-part test. He argues that this Court has general jurisdiction over Rusin under *Heft v. AAI Corporation*.[17] *Heft*, however, is easily distinguished from the case at hand.

*Heft v. AAI Corporation*[18] arose from an Employee Retirement Income Security Act (hereinafter "ERISA") claim filed by a surviving former spouse alleging that she was entitled to a portion of her ex-husband's retirement plan pursuant to a domestic relations order.[19] The plaintiff commenced the action in a Pennsylvania state court and the defendant removed it to the Middle District of Pennsylvania.[20] Defendant subsequently moved to dismiss based on lack of personal jurisdiction because it was a Maryland-based corporation.[21]

The court ultimately held that it maintained personal jurisdiction over the defendant because ERISA allows for nationwide service of process.[22] Many courts have interpreted ERISA's nationwide service of process to confer personal jurisdiction over a defendant who has sufficient minimum contacts with the United

---

[17] 355 F. Supp. 2d 757 (M.D. Pa. 2005).

[18] *Id.* at 761.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.* at 773. *See also Garg v. Winterthur*, 525 F. Supp. 2d 315, 318 (E.D.N.Y. 2007).

States as a whole, rather than merely with the forum state.[23] This has been referred to as the "national contacts test."[24]

In other words personal jurisdiction in ERISA cases is established by statute under Rule 4(k)(1)(C). Petrucelli argues that while "Heft was founded in [ERISA], 29 U.S.C.S. §1001, et al., the present choice of association by Rusin is based in the Court Reporter's act at 28 U.S.C.S. § 753."[25] Section 753 of Title 28, however, does not provide for nationwide service.[26] Therefore, the court's reasoning in Heft does not apply to the case at hand; the Magistrate Judge properly applied the O'Connor three-part test instead.

Petrucelli's third objection, that the Magistrate Judge erred in considering his discussion of convenience akin to a discussion on venue as opposed to a discussion on the third part of the O'Connor three-part test, does not change the outcome of this case. Magistrate Judge Schwab was not required to consider the third part of the test if parts one and two had not been met. Here, neither had been met.

This Court has considered Petrucelli's objections carefully and agrees with

---

[23] Garg, 525 F. Supp. 2d at 318.

[24] Id. (internal cites omitted).

[25] ECF No. 31 at 4.

[26] See 28 U.S.C. § 753.

Magistrate Judge Schwab's finding that this Court lacks personal jurisdiction over Rusin. Petrucelli argues, however, that even if this Court finds that it does not have personal jurisdiction over Rusin, Magistrate Judge Schwab should have recommended a transfer of the case to the Southern District of New York.

A district court that does not have personal jurisdiction of a case has discretion to either dismiss or transfer the case to the proper court under 28 U.S.C. 1406(a).[27] There are two venues in this case, however, that would likely have personal jurisdiction over Rusin, the Southern District of New York, where the alleged harm took place,[28] or the District of Nevada, where Rusin resides.[29] Therefore, this Court will adopt the Report and Recommendation and dismiss the action without prejudice so that Petrucelli may file it in the appropriate court, if he so chooses.

---

[27] 28 U.S.C. § 1406(a)("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") The Supreme Court extended Section 1406(a) to allow courts to transfer cases based on lack of personal jurisdiction. *Goldlawr v. Heiman*, 369 U.S. 463, 465 (1962).

[28] ECF No. 1 at 3.

[29] ECF No. 21 at 5.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Schwab's Report and Recommendation is ADOPTED in full.[30]

2. The Clerk is directed to close this case.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[30] ECF No. 30.